UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| CONSOLIDATED ENVIRONMENTAL MANAGEMENT, INC. | CIVIL ACTION |
| VERSUS | NO: 12-1011 c/w 12-1738 |
| ZEN-NOH GRAIN CORPORATION | SECTION: R |


                         **ORDER AND REASONS**

   Plaintiff Consolidated Environmental Management, Inc. - Nucor Steel Louisiana ("Nucor") moves to modify or set aside the magistrate judge's order of June 25, 2013 denying its motion to compel discovery of documents relating to the relationship between defendant Zen-Noh Grain Corporation ("Zen-Noh") and various corporate entities (collectively referred to as "CGB").[1] For the following reasons, the Court denies Nucor's motion and affirms the magistrate judge's order.

**I.   BACKGROUND**

   On May 30, 2013, Nucor filed a motion to compel responses to requests for production Nos. 17 and 19 of its First Request for Production of Documents.[2] At issue here is the magistrate judge's denial as to request No. 19, which sought documents relating to the relationship between Zen-Noh and CGB. In its motion to

---

   [1] R. Doc. 197-1; R. Doc. 191.

   [2] R. Doc. 173.

compel, Nucor argued that the documents were relevant to its claim that Zen-Noh's facility constituted a major source of emissions under the Clean Air Act ("CAA") and was therefore required to obtain Title V and PSD permits.[3] Nucor asserted:

> Whether Zen-Noh is required to possess a PSD permit hinges on whether the emissions rise to the level of a major source. Thus, CEMI is entitled to learn the relationship between Zen-Noh and potential affiliated entities to determine whether the multiple emissions sources should have been combined and treated as a single stationary source when calculating potential emissions in a permit application and whether these potential emissions rose to the level of a "major source" of air pollution requiring Zen-Noh to first obtain a Title V and PSD operating permits . . . .

*Id.* Among other objections, Zen-Noh contended that "[t]here [were] no allegations in the Amended Complaint relating to any of the identified entities or to Zen-Noh's financial condition."[4] Nucor filed a reply to Zen-Noh's opposition in which it argued that because both the PSD and Title V programs allow for aggregation of adjacent sources in determining whether a facility is a "major source" under the CAA, its aggregation theory was inherently included within its allegations in the amended complaint that Zen-Noh's grain elevator constituted a major source.[5]

---

[3] R. Doc. 173-1 at 4.

[4] R. Doc. 173 (Exhibit C at 25).

[5] R. Doc. 183 at 4.

On June 26, 2013, the magistrate judge denied the motion to compel a response to request No. 19, noting Nucor's failure to discuss aggregation or the CGB entities in the 38-page amended complaint.[6] Because Nucor had ample time to properly frame its allegations against Zen-Noh in the three months between filing the original and amended complaints, the magistrate judge determined that "notwithstanding Fed. R. Civ. P. 8(a), Nucor should have included reference to the aggregation allegations in the amended complaint."[7]

This motion to review the magistrate judge's decision followed on July 9, 2013.[8] Shortly thereafter, this Court granted Zen-Noh's motion to dismiss Counts I-III, Count V, and Counts VII-IX of Nucor's nine-count amended complaint.[9] The Court dismissed Count I, which alleged that Zen-Noh violated Title V of the CAA by operating without a Part 70 operating permit, for failure to comply with the CAA citizen suit provision's notice requirements.[10] Count VII, which alleged that Zen-Noh was

---

[6] R. Doc. 191.

[7] *Id.* at 5.

[8] R. Doc. 197.

[9] R. Doc. 206.

[10] *Id.* at 18-24.

operating without a required PSD permit, was dismissed as being barred by the statute of limitations.[11]

## II. NUCOR'S MOTION TO SET ASIDE THE MAGISTRATE JUDGE'S ORDER IS MOOT.

Upon dismissal of a plaintiff's claim, an outstanding motion to review a magistrate judge's order denying discovery on that claim may be denied as moot. *See Carr v. Edwards*, No. 94-1280, 1994 WL 419856, at *1 (E.D. La. Aug. 8, 1994) (denying as moot plaintiff's motion to review a magistrate's order denying discovery after granting the defendant's motion to dismiss); *see also In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4565939, at *1 (E.D. La. Oct. 8, 2008) (denying as moot plaintiffs' motion to review the magistrate judge's grant of a protective order when the discovery sought was relevant only to plaintiffs' motions to disqualify the presiding judge and opposing counsel, and those motions had been decided by the court without any need for the discovery).

A district court retains this discretion even if some of the plaintiff's claims survive a motion to dismiss and judgment has not yet been entered. *See McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1223-24 (5th Cir. 1987) (finding no abuse of discretion where district judge dismissed all but one of plaintiff's claims and then denied his pending deposition requests as moot); *Beer*

---

[11] *Id.* at 33-36.

*Nuts, Inc. v. King Nut Co.*, 477 F.2d 326, 330 (6th Cir. 1973) (affirming denial of interrogatories and requests for admission after grant of partial summary judgment resolved all material issues to which proposed discovery was relevant).

Nucor argues that Request No. 19 is relevant to ascertain whether CGB and Zen-Noh's emissions should be aggregated before determining whether Zen-Noh's facility is a major source requiring Title V and PSD permits.  This Court has dismissed Counts I and VII of Nucor's amended complaint relating to Zen-Noh's failure to obtain the Title V and PSD permits. Moreover, the grounds for those dismissals-inadequate notice in Count I, and the statute of limitations in Count VII-were entirely unrelated to the issue of whether Zen-Noh's facility constituted a major source for the purposes of the Title V and PSD programs. To the extent that Request No. 19 was directed at obtaining information in support of Counts I and VII, Nucor's motion to set aside the magistrate judge's order is now moot.

To the extent that Nucor's discovery requests are in any way relevant to Counts IV and VI of the amended complaint, the only two claims that survived the motion to dismiss, the magistrate judge's decision to deny the motion to compel a response was not clearly erroneous.

**III. STANDARD**

Federal law affords a magistrate judge broad discretion in the resolution of nondispositive discovery disputes. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If a party is dissatisfied with a magistrate judge's ruling, it may timely file an objection with the district judge, who may modify or set aside any part of the order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.;* Fed. R. Civ. P. 72(a); *see also Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens,* 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

**IV. THE MAGISTRATE JUDGE'S DECISION WAS NOT CLEARLY ERRONEOUS**

Nucor argues that notice of the aggregation theory was implied by its allegation that Zen-Noh's facility qualified as a major source, because the relevant Title V provision defines major sources to include "any stationary source *(or group of stationary sources located within a contiguous area and under common control)*. . . ." 42 U.S.C. § 7661(2)(emphasis added).

Nucor cites to § 7661(2) in the amended complaint and alleges throughout that Zen-Noh's facility constitutes a major source for Title V and PSD purposes.  However, the complaint is

devoid of any factual allegations that would put Zen-Noh on notice of Nucor's aggregation theory. At no point in the 38-page amended complaint did Nucor refer to the CGB entities or suggest that Zen-Noh's emissions should be aggregated with those of any other entity. A plaintiff must do more than cite to laws that may have been violated by the defendant and must plead with sufficient particularity to put the defendant on notice of the conduct that it must defend in a court of law. *Anderson v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 525, 528-29 (5th Cir. 2008). Allegations of one course of conduct–here, that Zen-Noh's facility standing alone produced sufficient emissions to qualify as a major source–will not serve as notice that a party must defend an entirely different course of conduct, such as that alleged by Nucor in its quest for discovery on the aggregation issue. *See id.* at 529; *see also Oreman Sales, Inc. v. Matsushita Elec. Corp. of Am.*, 768 F. Supp. 1174, 1180 (E.D. La. 1991) ("[A] plaintiff may no longer file a conclusory complaint not well-grounded in fact, conduct a fishing expedition for discovery, and only then amend its complaint in order finally to set forth well-pleaded allegations.").

    Nucor provides nothing to contradict the magistrate judge's finding that it failed to include any reference to aggregation or

the CGB entities in the amended complaint.[12] Instead, Nucor simply disagrees with the magistrate judge's conclusion that the mere citation to § 7661(2) was insufficient to put Zen-Noh on notice of the aggregation theory. Nucor's conflicting interpretation does not render the magistrate judge's order clearly erroneous or contrary to law. Finding no clear error in the order, this Court denies Nucor's motion.

IV. **CONCLUSION**

For the foregoing reasons, Nucor's motion is DENIED.

New Orleans, Louisiana, this 19th day of August, 2013.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[12] Nucor's memorandum in support of its motion cites three instances in the amended complaint in which it alleges that Zen-Noh failed to include emissions from other sources in its calculations. R.Doc. 197-1 at 6. However, these allegations involve the failure to include emissions from other sources *at the Zen-Noh facility* rather than from CGB or any other entity.